IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DOMONIQUE[1] D. THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-25-2807 |
| CONSUMER PORTFOLIO SERVICES, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Domonique D. Thomas, who is self-represented, filed this lawsuit in state court against Consumer Portfolio Services ("CPS"), seeking "verification of debt" and appearing to allege a possible violation of the Fair Debt Collection Practices Act ("FDCPA"). ECF 2. CPS removed the case to this Court, ECF 1, and has filed a motion to dismiss Plaintiff's complaint for failure to state a claim, ECF 9. Plaintiff filed an opposition, ECF 11, and CPS filed a reply, ECF 12. This Court has reviewed the briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, CPS's motion to dismiss will be GRANTED and Plaintiff's complaint will be dismissed without prejudice.

**I. FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint, which is not a model of clarity. ECF 2. CPS is a note holder of a promissory note purchased as a "mortgage-backed securities instrument." *Id.* ¶ 2. Plaintiff believes CPS may be unable to show its possession of the original promissory note and accounting showing funding of the loan. *Id.* ¶¶ 3, 5.

---

[1] On CM/ECF, the caption spells this name as "Dominique." Plaintiff's complaint spells her first name as "Domonique." The Clerk is directed to correct the caption's spelling to "Domonique."

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the

2

minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.  ANALYSIS

Plaintiff's Complaint appears to pursue discovery in support of a potential claim without asserting facts establishing a plausible legal claim. The relief sought is "verification of debt," and the items requested consist of evidence. But Plaintiff cites to no legal mechanism allowing her to request evidence from CPS in the absence of a viable legal claim. Thus, she has not provided a "short and plain statement of the claim showing that the pleader is entitled to relief."

In addition, Plaintiff does not allege facts that might support a claim under the FDCPA or any other statute or legal provision. Finally, Plaintiff's Complaint appears to assert (or express an intent to collect evidence to assert) various legal theories that have been deemed meritless by a variety of courts. *See, e.g.*, *McKinney v. Towd Point Mortg. Tr. Asset-Backed Sec., Series 2016-1*, Civ. No. 8:22-cv-02878-PX, 2023 WL 8545224, at *3 (D. Md. Dec. 11, 2023) (concluding that securitization of a loan is not fraudulent and does not "give rise to a cause of action"); *Alexander v. Bank of America, N.A.*, Civ No. 17-3815, 2017 WL 4844274, at *3 (E.D. La. Oct. 26, 2017) (collecting cases rejecting the "vapor money" claim that a loan is invalid if the bank did not actually fund the loan).

Because Plaintiff has not identified or stated any claim plausibly entitling her to relief, CPS's Motion to Dismiss, ECF 9, is granted and her claims are dismissed without prejudice. This case will be closed. A separate Order follows.


Dated: December 2, 2025                              /s/
                                            Stephanie A. Gallagher
                                            United States District Judge